Jason K. Reed (No. 022657)
CITY OF MESA ATTORNEY'S OFFICE
MS-1077
P.O. Box 1466
Mesa, Arizona 85211-1466
Telephone: (480) 644-2343
mesacityattorney@mesaaz.gov

Attorneys for Defendants City of Mesa, Clyde Spillers, Steven Hether, Jose Rodriguez, Brett
Metcalf, and Thomas McKnight

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Steele Douglass,<br><br>                    Plaintiff,<br><br>vs.<br><br>City of Mesa; Clyde Spillers, a person; Steven Hether, a person; Jose Rodriguez, a person; Brett Metcalf, a person; and Thomas McKnight, a person,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANTS CITY OF MESA, CLYDE SPILLERS, STEVEN HETHER, JOSE RODRIGUEZ, BRETT METCALF, AND THOMAS MCKNIGHT'S NOTICE OF REMOVAL**<br><br>(Maricopa County Superior Court No. CV2017-095864) |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA:**

Please take notice that Defendants City of Mesa, Clyde Spillers, Steven Hether, Jose Rodriguez, Brett Metcalf, and Thomas McKnight ("Petitioners") hereby remove to this Court the state court action described below pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

1.      Petitioners are the Defendants in the civil action commenced and now pending in the Superior Court of Maricopa County, Arizona, entitled *Douglass v. City of Mesa, et al.*, Cause No. CV2017-095864.  A copy of the Complaint is attached as Exhibit A and incorporated by this reference; a copy of the state court's case file is attached as Exhibit B.

2.      Petitioner City of Mesa was served with the Summons and Complaint on November 28, 2017.  Petitioner Clyde Spillers was served with the Summons and Complaint on November 28, 2017.  Petitioner Steven Hether was served with the Summons and Complaint on November 28, 2017.  Petitioner Jose Rodriguez was served with the Summons and Complaint on November 30, 2017.  Petitioner Brett Metcalf was served with the Summons and Complaint on November 30, 2017.  Petitioner Thomas McKnight was served with the Summons and Complaint on November 30, 2017.

3.      All the Defendants who have been served consent to this removal.

4.      This is a civil action in which Plaintiff alleges a violation of his Civil Rights [Ex. A at ¶ 35 ("Plaintiff brings this cause of action against all defendants for deprivation of constitutional rights within the meaning of 42 U.S.C. section 1983").

5.      This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  This Court has supplemental jurisdiction over Plaintiff's state law claims.

6.      This Notice of Removal is timely.

7.      A copy of this Notice is filed concurrently with the Clerk of the Maricopa County Superior Court.

8.      Defendants have served upon Plaintiff a copy of this Notice.


Dated this 18th day of December, 2017.


                              /s/ Jason K. Reed
                              Jason K. Reed
                              Assistant City Attorney
                              Attorneys for Petitioners

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served attached document by U.S. Mail on the following, who is not a registered participant of the CM/ECF System:

Bedford Douglass Jr.
P.O. Box 21798
Mesa, AZ 85277-1798
Attorney for Plaintiff

/s/ Toni Bell

Exhibit A



MICHAEL K. JEANES
Clerk of the Superior Court
By Denise Hill, Deputy
Date 09/06/2017 Time 14:37:32
Description                              Amount
——— CASE# CV2017-095864 ———
CIVIL NEW COMPLAINT              322.00

TOTAL AMOUNT                         322.00
        Receipt# 26143548

Bedford Douglass Jr. (Arizona State Bar # 002038)
PO Box 21798
Mesa, AZ 85277-1798
Phone 480-218-8325
Fax 480-218-8357
bedfordaz@gmail.com
Attorney for Plaintiff

Arizona Superior Court

## Maricopa County

| | |
|---|---|
| David Steele Douglass, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| | ) CV2017-095864 |
| City of Mesa; Clyde Spillers, | ) |
| a person; Steven Hether, | ) **COMPLAINT** |
| a person, Officer O. Rodrigues, | ) |
| a person, Detective B. Metcalf, | ) ( 42 U.S.C. sec. 1983; Tort - |
| a person, and Detective | ) Non-motor-vehicle: Intentional |
| T. McKnight, a person, | ) Infliction of Emotional Distress, |
| | ) Negligence; Lack of Due |
| Defendants. | ) Process; Fifth Amendment |
| | ) Deprivation of Property) |

Plaintiff alleges:

## JURISDICTION

1.  This action is brought under 42 U.S.C. section 1983, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and the laws of the state of Arizona, including Article II, Sec. 8 of the Arizona Constitution.

1

2.  The court has jurisdiction  under the civil rights act and the state constitution.

## PARTIES

3.  At all times material hereto plaintiff David Douglass was and is a resident of Maricopa County and of the City of Mesa.

4.  Defendant City of Mesa is a political subdivision of the state of Arizona, an Arizona municipal corporation, and at all times relevant hereto employed defendants Spillers, Heather, Rodrigues, Metcalf, and McKnight.

5.  At all times material hereto and in all actions described herein defendant Clyde Spillers  was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

6.  At all times material hereto and in all actions described herein defendant Steven Hether was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

7.  At all times material hereto and in all actions described herein defendant O. Rodrigues was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

8.  At all times material hereto and in all actions described herein defendant B. Metcalf was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

9.  At all times material hereto and in all actions described herein defendant T. McKnight was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

## FACTUAL ALLEGATIONS

10.  On 6 September 2016 Officer O. Rodriguez, Officer B. Monnens, Detective B. Metcalf, Detective T. McKnight, and others employed by the City of Mesa, acting within the course and scope of their employment, while conducting a search pursuant to a warrant for drugs allegedly possessed by one Adrian Nicolas Biggs at 738 N. Grand, Mesa, Arizona, allegedly observed building code violations ("exposed wires in and out of the residence and a collapsing roof in the kitchen area").

11.  They reported the violations to Clyde Spillers, the senior City of Mesa building inspector; Spillers then came to the residence at 738 N.Grand.

12.  Spillers (and perhaps others) made a search of the house at 738 N. Grand, finding, he says, code violations, namely, interior exposed conductors, leaky roof with ceiling damage, a non-permitted patio

3

enclosure, bedroom egress blocked by debris, and a coverless water heater outside the house.

13.  Without notice to David Douglass, and taking no steps to locate him, Spillers had the house boarded and posted notices prohibiting anyone from removing the barricades and entering the house. David Douglass was deprived of the use of his house from 6 September 2016 until 15 November 2016 or thereabouts by the actions of the defendants.

14.  Prior to the seizure of the house no notice of any sort was given to David Douglass, who was (to use the language of the building code) the person who had "charge or control of the structure or premises."

15.  David Douglass was not present at his residence when it was searched first by the police and then by one or more building officials.

16.  The search by Clyde Spillers was in violation of Mesa City Code section 4-1-3(G).

17.  Clyde Spillers never had "recourse  to the remedies provided by law to secure entry", namely, the issuance of a warrant.

18.  If unsafe conditions are found after lawful inspection, notice shall be given the "person in control of the structure", here David Douglass. This was not done.

19.  Though the city had had the house boarded up and posted

official notices prohibiting anyone from entering the house upon pain of

criminal prosecution, the Building Safety Director sent no notice to David

Douglass for one week.

20.  On 13 September 2016 Steven Hether finally gave notice of the

putatively unsafe conditions to David Douglass.

21.  This was insufficient notice due to unreasonable delay.

22.  Upon information and belief plaintiff alleges conspiracy of the

City of Mesa and Rodriguez, Metcalf, McKnight, Hether, Spillers, and

others to deprive him, under color of state law and under the customs and

usages of the City of Mesa, of rights, privileges, and immunities secured to

him by the constitution and laws of the United States and of the State of

Arizona and (by way of example and not intending to set forth a complete

list) particularly his right to protection against the unreasonable seizure of

his interest in the house at 738 N. Grand Street, guaranteed by the Fourth

Amendment and the Fourteenth Amendment to the United States

Constitution and by Arizona State constitutional provisions, including Article

II, Section 8, his right to be secure in the possession of the house he

occupied, to equal protection of the law,  and to be free of cruel and

unusual punishment under the Eighth Amendment to the United States Constitution.

23.  Upon information and belief, plaintiff alleges that City of Mesa employees with executive and discretionary powers conspired together to make an extra-legal use of the city building code to punish and deprive of their property and otherwise injure and deprive of their rights persons who permitted drug addicts or persons that the police believed were using drugs to live in their homes; and upon information and belief claimant alleges that the City of Mesa Rodriguez, Metcalf, McKnight, Hether, Spillers, and others were involved in this conspiracy when they acted as herein alleged.

24.  Under the Fifth Amendment and under the Arizona State Constitution, David Douglass was deprived of the use of his home on North Grand Street without compensation, and as set forth above he was deprived of procedural due process.

25.  The putative building code violations were a pretext to punish David Douglass for permitting Adrian Nicolas Biggs, whom the Mesa police believed to be a drug user, to stay at his house.

26. The putative infractions by David Douglass set forth in the notice of 13 September 2016 did not justify barring him without advance notice from his house under the police powers of the state.

27. The law, including the Arizona State Constitution, the United States Constitution and the Mesa City Code, requires the plaintiff be given notice of the infractions and the opportunity to correct them before being barred from his house.

28. The notice was dilatory, coming a week after plaintiff was barred from his house, and therefore without legal effect.

29. The delay in giving notice of infractions was itself outrageous, unnecessarily prolonged the stress and anxiety the defendants' actions put David Douglass under, vitiated the course of action the defendants  took against him, and proved, ironically, that the city and its employees and agents set out to punish him for as long as it could rather than protect him from a hypothetical danger.

30. David Steele Douglass makes a claim for punitive as well as compensatory damages, because the City of Mesa, Rodriguez, Metcalf, McKnight, Hether, Spillers, and others either intended without justification to injure David Douglass or without justification consciously pursued a course of conduct knowing that the conduct  created a substantial risk of

harm to others. Their evil hand was guided by an evil heart, and their conduct was outrageous.

31.   Rodriguez, Metcalf, McKnight, Hether, Spillers, and others were negligently hired or retained or supervised or trained by the City of Mesa.

32.   An Officer Wild, on 24 September 2016 left a message on David Douglass' cellphone, saying that David had been observed inside his house, that going in the house was illegal, and that he therefore could be arrested. He also said there were dogs on the property (David Douglass owned two dogs that were indeed on the property), that the dogs had no business on the condemned property, that he (Officer Wild) would call animal control, and that animal control would impound them tomorrow. David Douglass was very upset and distraught to get this message. That evening David went to his property on North Grand to feed his dogs and found Officer Wild there. They had a discussion, during which Officer Wild recanted, relieving in some measure the additional stress David had been under since playing the message.

33.   As a result of all that the City of Mesa and its employees did, David Douglass suffered, among other things, mental distress, loss of use of property, physical illness, humiliation, pain and suffering, including extreme mental suffering, and loss of enjoyment of life. As a further result,

he incurred expenses. He even had to buy new clothes because the notice posted by the city prohibited his going into his house for any purpose without limitation. He contemplated that because of old age and limited financial means he may not be able to make the required repairs, and the house might be condemned or demolished by the city. He contemplated that the conclusion of the city's action might be his loss of a home altogether leaving him homeless and destitute. His fear, stress, and anxiety were so great that he fell into deep depression, was overwhelmed by despair, and contemplated suicide.

## Count I

### (Violation of Civil Rights While Acting Under the Color of State Law 42 U.S.C. Section 1983 -- Against All Defendants)

34.  Plaintiff repeats and re-alleges paragraphs 1 through 33  and incorporates them by reference herein.

35.  Plaintiff brings this cause of action against all defendants for deprivation of constitutional rights within the meaning of 42 U.S.C. section 1983.

36.  Defendants Rodriguez, Metcalf, McKnight, Hether, and Spillers were acting under the color of state law, as authorized agents of the City of Mesa, while acting as set forth above in the furtherance of their duties.

37.  The above-described actions of the City of Mesa, Rodriguez, Metcalf, McKnight, Hether, and Spillers deprived plaintiff of rights and privileges under the Fourth and Fourteenth Amendments to the United States Constitution.

38.  The City of Mesa, Rodriguez, Metcalf, McKnight, Hether,  and Spillers violated plaintiff's rights and inflicted severe injury on him under the color of law with force that was grossly disproportionate to the need for action.

39.  As a result of the above-mentioned unconstitutional acts of defendants, plaintiff sustained severe injury and loss of domicile, causing humiliation, emotional distress, pain and suffering, loss of enjoyment of life, and has incurred out of pocket expenses.

40. Defendants acted with callous and reckless indifference to plaintiff and his constitutional rights.

41.  Defendants engaged in the willful, wanton, and malicious use of police power under color of law, deriving plaintiff of rights under the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, plaintiff requests the following relief against these defendants:

*A.* Compensatory damages,

*B.* Attorney fees and costs under 42 U.S.C. section 1988,

*C.* Punitive damages, and

*D.* Such further and other relief as the court deems just.

## Count II

*(Intentional, Reckless, or Negligent Infliction of Emotional Distress Against Defendants)*

42.  Plaintiff repeats and re-alleges paragraphs 1 through 33 and incorporates them by reference herein.

43.  Defendants' conduct set out above was extreme and outrageous, going so far beyond all possible grounds of decency that it must be regarded as atrocious and utterly intolerable in a civilized community.

44.  Defendants intended to inflict emotional distress, or they knew that such distress was certain or substantially certain to result from such conduct, or they inflicted it recklessly in deliberate disregard of a high degree of probability that emotional distress would follow, or they inflicted it negligently.

45.  As a result of their extreme and outrageous conduct, plaintiff suffered severe emotional distress, which included clinical depression and suicidal ideation.

46.  The City of Mesa is vicariously liable for the torts of its employees committed in the course and scope of their employment.

44.  As a result of the above-mentioned acts of defendants, plaintiff sustained severe physical injury and loss of liberty, causing humiliation, emotional distress, pain and suffering, loss of enjoyment of life,  severe emotional distress, and has incurred out-of-pocket expenses.

45.  Defendants intended to injure plaintiff, or they consciously pursued a course of conduct knowing that the conduct created a substantial risk of significant harm to plaintiff, and they did so without justification. Their evil hand was guided by an evil mind.

WHEREFORE, plaintiff requests the following relief against these defendants:

A. Compensatory damages,

B. Costs,

C. Punitive damages, and

D. Such further and other relief as the court deems just.

Count III

*(Negligent Hiring, Retention, Supervision, and Training -- Against the City of Mesa)*

46. Plaintiff repeats and re-alleges paragraphs 1 through 33 and incorporates them by reference herein.

47. The City of Mesa has a duty to plaintiff to properly hire, retain, train, and supervise its police officers and its code-compliance employees.

48. The City of Mesa negligently hired, retained, trained and supervised, Rodriguez, Metcalf, McKnight, Hether, Spillers, and others .

49. The performance of Rodriguez, Metcalf, McKnight, Hether, and Spillers as set out in this complaint demonstrate the lack of adequate training and supervision.

50. Hether and Spillers negligently conducted an illegal search for code violations, negligently failed to petition the court for a warrant, negligently conducted a search without a warrant, negligently failed to give plaintiff a opportunity to correct violations before barring him from his home, and negligently failed to give timely notice of code violations.

51. The behavior of Rodriguez, Metcalf, and McKnight, violates the generally accepted standards of police conduct and is evidence of negligent training and supervision by the City of Mesa.

52. The behavior of Hether and Spillers violates the generally accepted standards of code-compliance officials and is evidence of negligent training and supervision by the City of Mesa.

WHEREFORE, plaintiff requests the following relief against the City of Mesa:

A. Compensatory damages,

B. Attorney fees and costs under 42 U.S.C. section 1988,

C. Such further and other relief as the court deems just.

Count IV

(Lack of Due Process under the Fifth Amendment

and the Arizona Constitution)

53. Plaintiff repeats and re-alleges paragraphs 1 through 33 and incorporates them by reference herein.

54. Defendants City of Mesa, Hether and Spillers violated the notice requirements of the Mesa City Code, the Arizona Constitution, and of the Fifth Amendment depriving plaintiff of his right to due process.

55. These defendants had no warrant, failed to give plaintiff notice of the code violations and the opportunity to correct them as provided by law,

and such notice as they ultimately gave was tardy, all in violation of the Mesa City Code and due process of law under the federal and the state constitutions.

WHEREFORE, plaintiff requests the following relief against the defendants City of Mesa, Hether, and Spillers:

A. Compensatory damages,

B. Costs,

C. Punitive damages, and

D. Such further and other relief as the court deems just.

### Count V

### (Fifth Amendment Deprivation of Property)

56.   Plaintiff repeats and re-alleges paragraphs 1 through 33 and incorporates them by reference herein.

57.   While pretending to act under police power, defendants City of Mesa, Hether, and Spillers acted outside the limits of that power and willfully deprived plaintiff of the use of his property without compensation.

WHEREFORE, plaintiff requests the following relief against the defendants City of Mesa, Hether, and Spillers:

A.   Compensatory damages,

*B.* Costs,

*C.* Punitive damages, and

*D.* Such further and other relief as the court deems just.

DATED 6 Septemper 2017

Bedford Douglass Jr.
Attorney for Plaintiff
PO Box 21798
Mesa, AZ 85277-1798
bedfordaz@gmail.com
480-218-8325

The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest *December 18th* 20 *17*

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____ Deputy

16

Exhibit B

**In the Superior Court of the State of Arizona**
~~In the County of Maricopa~~

CV2017-095864

CV2017-095864

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

MICHAEL K. JEANES, CLERK
BY _D. Hill_ DEP
D. HILL, FILED
17 SEP -6 PM 2: 36

Plaintiff's Attorney _Bedford Douglass Jr._

Attorney's Bar Number _002038_

Is Interpreter Needed? ☐ Yes ☒ No
  If yes, language type: _____
Attorney/Pro Per Signature _Bedford J Douglas_
  To the best of my knowledge, all information is true and correct.

CV2017-095864

Plaintiff's Name(s): (List all)
_DAVID STEBLE DOUGLASS_

Plaintiff's Address:
_738 N. GRAND ST., MESA, AZ 85201_

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
_CITY OF MESA_

_CLYDE SPILLERS_
_STEVEN HETHER_

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

### NATURE OF ACTION
(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation

☒ 116 Other (Specify) _42 USC sec. 1983_
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

**150-199  OTHER CIVIL CASE TYPES:**

☐ 156 Eminent Domain/Condemnation
☐ 151 Forcible Detainer
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Sexually Violent Persons (A.R.S. §36-3704)
   (Except Maricopa County)
☐ Minor Abortion (See Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
   (See lower court appeal cover sheet in Maricopa)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
☐ Administrative Review
   (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)

☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute - Other
☐ 159 Restoration of Civil Rights (Federal)
☐ 159 Clearance of Records (A.R.S. §13-4051)
☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain–Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute - Discrimination
☐ 185 Employment Dispute - Other
☐ 163 Other _____
             (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)
*OFFICER O. RODRIGUES ; DETECTIVE B. METCALF, AND*

*DETECTIVE T. McKnight*
_____

The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest _December 18th_ 20_17_

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By_____Deputy

BEDFORD DOUGLASS JR. (002038)
P.O. Box 21798
Mesa, Arizona 85277-1798
(480) 218-8325
bedfordaz@gmail.com
Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
BY D. Hill DEP
D. HILL, FILED

17 SEP -6 PM 2: 37

## ARIZONA SUPERIOR COURT

## MARICOPA COUNTY

| | | |
|---|---|---|
| David Steele Douglass, a person, | ) | No. CV 2017-095864 |
| | ) | |
| | ) | |
| Plaintiff, | ) | **CERTIFICATE OF** |
| | ) | **COMPULSORY** |
| v. | ) | **ARBITRATION** |
| | ) | |
| City of Mesa; Clyde Spillers, | ) | |
| a person; Steven Hether, | ) | |
| a person, Officer O. Rodrigues, | ) | |
| a person, Detective B. Metcalf, | ) | |
| a person, and Detective | ) | |
| T. McKnight, a person, | ) | |
| Defendants. | ) | |

The undersigned certifies that the largest award sought by the
complainant, including punitive damages, but excluding interest,
attorneys' fees, and costs does exceed limits set by Local Rule for
compulsory arbitration. This case is not subject to the Uniform Rules of
Procedure for Arbitration.

1

DATED this 6th day of September 2017.


                              Bedford Douglass Jr.



                              *Bedford Doug*
                              P.O. Box 21798
                              Mesa, Arizona  85277-1798
                              (480) 218-8325
                              Attorney for Plaintiff



The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest *December 18* 20 *17*

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____ Deputy


                              2



MICHAEL K. JEANES
Clerk of the Superior Court
By Denise Hill, Deputy
Date 09/06/2017 Time 14:37:32
Description                          Amount
——— CASE# CV2017-095864 ———
CIVIL NEW COMPLAINT                  322.00

TOTAL AMOUNT                         322.00
          Receipt# 26143548

Bedford Douglass Jr. (Arizona State Bar # 002038)
PO Box 21798
Mesa, AZ 85277-1798
Phone 480-218-8325
Fax 480-218-8357
bedfordaz@gmail.com
Attorney for Plaintiff
Arizona Superior Court

## Maricopa County

| | |
|---|---|
| David Steele Douglass, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| | ) CV 2017 - 095864 |
| City of Mesa; Clyde Spillers, | ) |
| a person; Steven Hether, | ) **COMPLAINT** |
| a person, Officer O. Rodrigues, | ) |
| a person, Detective B. Metcalf, | ) ( 42 U.S.C. sec. 1983; Tort - |
| a person, and Detective | ) Non-motor-vehicle: Intentional |
| T. McKnight, a person, | ) Infliction of Emotional Distress, |
| | ) Negligence; Lack of Due |
| Defendants. | ) Process; Fifth Amendment |
| | ) Deprivation of Property) |

Plaintiff alleges:

## JURISDICTION

1.  This action is brought under 42 U.S.C. section 1983, the Fourth,

Fifth, Eighth, and Fourteenth Amendments of the United States

Constitution, and the laws of the state of Arizona, including Article II, Sec. 8

of the Arizona Constitution.

2. The court has jurisdiction under the civil rights act and the state constitution.

## PARTIES

3. At all times material hereto plaintiff David Douglass was and is a resident of Maricopa County and of the City of Mesa.

4. Defendant City of Mesa is a political subdivision of the state of Arizona, an Arizona municipal corporation, and at all times relevant hereto employed defendants Spillers, Heather, Rodrigues, Metcalf, and McKnight.

5. At all times material hereto and in all actions described herein defendant Clyde Spillers was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

6. At all times material hereto and in all actions described herein defendant Steven Hether was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

7. At all times material hereto and in all actions described herein defendant O. Rodrigues was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

8. At all times material hereto and in all actions described herein defendant B. Metcalf was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

9.  At all times material hereto and in all actions described herein defendant T. McKnight was acting under color of law, and in said capacity as agent, servant, and employee of the City of Mesa.

## FACTUAL ALLEGATIONS

10.  On 6 September 2016 Officer O. Rodriguez, Officer B. Monnens, Detective B. Metcalf, Detective T. McKnight, and others employed by the City of Mesa, acting within the course and scope of their employment, while conducting a search pursuant to a warrant for drugs allegedly possessed by one Adrian Nicolas Biggs at 738 N. Grand, Mesa, Arizona, allegedly observed building code violations ("exposed wires in and out of the residence and a collapsing roof in the kitchen area").

11.  They reported the violations to Clyde Spillers, the senior City of Mesa building inspector; Spillers then came to the residence at 738 N.Grand.

12.  Spillers (and perhaps others) made a search of the house at 738 N. Grand, finding, he says, code violations, namely, interior exposed conductors, leaky roof with ceiling damage, a non-permitted patio

3

enclosure, bedroom egress blocked by debris, and a coverless water heater outside the house.

13. Without notice to David Douglass, and taking no steps to locate him, Spillers had the house boarded and posted notices prohibiting anyone from removing the barricades and entering the house. David Douglass was deprived of the use of his house from 6 September 2016 until 15 November 2016 or thereabouts by the actions of the defendants.

14. Prior to the seizure of the house no notice of any sort was given to David Douglass, who was (to use the language of the building code) the person who had "charge or control of the structure or premises."

15. David Douglass was not present at his residence when it was searched first by the police and then by one or more building officials.

16. The search by Clyde Spillers was in violation of Mesa City Code section 4-1-3(G).

17. Clyde Spillers never had "recourse to the remedies provided by law to secure entry", namely, the issuance of a warrant.

18. If unsafe conditions are found after lawful inspection, notice shall be given the "person in control of the structure", here David Douglass. This was not done.

4

19.  Though the city had had the house boarded up and posted

official notices prohibiting anyone from entering the house upon pain of

criminal prosecution, the Building Safety Director sent no notice to David

Douglass for one week.

20.  On 13 September 2016 Steven Hether finally gave notice of the

putatively unsafe conditions to David Douglass.

21.  This was insufficient notice due to unreasonable delay.

22.  Upon information and belief plaintiff alleges conspiracy of the

City of Mesa and Rodriguez, Metcalf, McKnight, Hether, Spillers, and

others to deprive him, under color of state law and under the customs and

usages of the City of Mesa, of rights, privileges, and immunities secured to

him by the constitution and laws of the United States and of the State of

Arizona and (by way of example and not intending to set forth a complete

list) particularly his right to protection against the unreasonable seizure of

his interest in the house at 738 N. Grand Street, guaranteed by the Fourth

Amendment and the Fourteenth Amendment to the United States

Constitution and by Arizona State constitutional provisions, including Article

II, Section 8, his right to be secure in the possession of the house he

occupied, to equal protection of the law,  and to be free of cruel and

unusual punishment under the Eighth Amendment to the United States Constitution.

23.  Upon information and belief, plaintiff alleges that City of Mesa employees with executive and discretionary powers conspired together to make an extra-legal use of the city building code to punish and deprive of their property and otherwise injure and deprive of their rights persons who permitted drug addicts or persons that the police believed were using drugs to live in their homes; and upon information and belief claimant alleges that the City of Mesa Rodriguez, Metcalf, McKnight, Hether, Spillers, and others were involved in this conspiracy when they acted as herein alleged.

24.  Under the Fifth Amendment and under the Arizona State Constitution, David Douglass was deprived of the use of his home on North Grand Street without compensation, and as set forth above he was deprived of procedural due process.

25.  The putative building code violations were a pretext to punish David Douglass for permitting Adrian Nicolas Biggs, whom the Mesa police believed to be a drug user, to stay at his house.

26. The putative infractions by David Douglass set forth in the notice of 13 September 2016 did not justify barring him without advance notice from his house under the police powers of the state.

27. The law, including the Arizona State Constitution, the United States Constitution and the Mesa City Code, requires the plaintiff be given notice of the infractions and the opportunity to correct them before being barred from his house.

28. The notice was dilatory, coming a week after plaintiff was barred from his house, and therefore without legal effect.

29. The delay in giving notice of infractions was itself outrageous, unnecessarily prolonged the stress and anxiety the defendants' actions put David Douglass under, vitiated the course of action the defendants  took against him, and proved, ironically, that the city and its employees and agents set out to punish him for as long as it could rather than protect him from a hypothetical danger.

30. David Steele Douglass makes a claim for punitive as well as compensatory damages, because the City of Mesa, Rodriguez, Metcalf, McKnight, Hether, Spillers, and others either intended without justification to injure David Douglass or without justification consciously pursued a course of conduct knowing that the conduct  created a substantial risk of

harm to others. Their evil hand was guided by an evil heart, and their conduct was outrageous.

31.   Rodriguez, Metcalf, McKnight, Hether, Spillers, and others were negligently hired or retained or supervised or trained by the City of Mesa.

32.   An Officer Wild, on 24 September 2016 left a message on David Douglass' cellphone, saying that David had been observed inside his house, that going in the house was illegal, and that he therefore could be arrested. He also said there were dogs on the property (David Douglass owned two dogs that were indeed on the property), that the dogs had no business on the condemned property, that he (Officer Wild) would call animal control, and that animal control would impound them tomorrow. David Douglass was very upset and distraught to get this message. That evening David went to his property on North Grand to feed his dogs and found Officer Wild there. They had a discussion, during which Officer Wild recanted, relieving in some measure the additional stress David had been under since playing the message.

33.   As a result of all that the City of Mesa and its employees did, David Douglass suffered, among other things, mental distress, loss of use of property, physical illness, humiliation, pain and suffering, including extreme mental suffering, and loss of enjoyment of life. As a further result,

he incurred expenses. He even had to buy new clothes because the notice posted by the city prohibited his going into his house for any purpose without limitation. He contemplated that because of old age and limited financial means he may not be able to make the required repairs, and the house might be condemned or demolished by the city. He contemplated that the conclusion of the city's action might be his loss of a home altogether leaving him homeless and destitute. His fear, stress, and anxiety were so great that he fell into deep depression, was overwhelmed by despair, and contemplated suicide.

Count I

*(Violation of Civil Rights While Acting Under the Color of State Law 42 U.S.C. Section 1983 -- Against All Defendants)*

34.  Plaintiff repeats and re-alleges paragraphs 1 through 33  and incorporates them by reference herein.

35.  Plaintiff brings this cause of action against all defendants for deprivation of constitutional rights within the meaning of 42 U.S.C. section 1983.

36.  Defendants Rodriguez, Metcalf, McKnight, Hether, and Spillers were acting under the color of state law, as authorized agents of the City of Mesa, while acting as set forth above in the furtherance of their duties.

37.  The above-described actions of the City of Mesa, Rodriguez, Metcalf, McKnight, Hether, and Spillers deprived plaintiff of rights and privileges under the Fourth and Fourteenth Amendments to the United States Constitution.

38.  The City of Mesa, Rodriguez, Metcalf, McKnight, Hether,  and Spillers violated plaintiff's rights and inflicted severe injury on him under the color of law with force that was grossly disproportionate to the need for action.

39.  As a result of the above-mentioned unconstitutional acts of defendants, plaintiff sustained severe injury and loss of domicile, causing humiliation, emotional distress, pain and suffering, loss of enjoyment of life, and has incurred out of pocket expenses.

40. Defendants acted with callous and reckless indifference to plaintiff and his constitutional rights.

41.  Defendants engaged in the willful, wanton, and malicious use of police power under color of law, deriving plaintiff of rights under the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, plaintiff requests the following relief against these defendants:

*A.* Compensatory damages,

*B.* Attorney fees and costs under 42 U.S.C. section 1988,

*C.* Punitive damages, and

*D.* Such further and other relief as the court deems just.


## Count II

*(Intentional, Reckless, or Negligent Infliction of Emotional Distress Against Defendants)*

42.  Plaintiff repeats and re-alleges paragraphs 1 through 33 and incorporates them by reference herein.

43.  Defendants' conduct set out above was extreme and outrageous, going so far beyond all possible grounds of decency that it must be regarded as atrocious and utterly intolerable in a civilized community.

44.  Defendants intended to inflict emotional distress, or they knew that such distress was certain or substantially certain to result from such conduct, or they inflicted it recklessly in deliberate disregard of a high degree of probability that emotional distress would follow, or they inflicted it negligently.

45. As a result of their extreme and outrageous conduct, plaintiff suffered severe emotional distress, which included clinical depression and suicidal ideation.

46. The City of Mesa is vicariously liable for the torts of its employees committed in the course and scope of their employment.

44. As a result of the above-mentioned acts of defendants, plaintiff sustained severe physical injury and loss of liberty, causing humiliation, emotional distress, pain and suffering, loss of enjoyment of life, severe emotional distress, and has incurred out-of-pocket expenses.

45. Defendants intended to injure plaintiff, or they consciously pursued a course of conduct knowing that the conduct created a substantial risk of significant harm to plaintiff, and they did so without justification. Their evil hand was guided by an evil mind.

WHEREFORE, plaintiff requests the following relief against these defendants:

A. Compensatory damages,

B. Costs,

C. Punitive damages, and

D. Such further and other relief as the court deems just.

Count III

*(Negligent Hiring, Retention, Supervision,  and Training -- Against the City of Mesa)*

46. Plaintiff repeats and re-alleges paragraphs 1 through 33 and incorporates them by reference herein.

47. The City of Mesa has a duty to plaintiff to properly hire, retain, train, and supervise its police officers and its code-compliance employees.

48. The City of Mesa negligently hired, retained, trained and supervised,  Rodriguez, Metcalf, McKnight, Hether, Spillers, and others .

49. The performance of Rodriguez, Metcalf, McKnight, Hether, and Spillers as set out in this complaint demonstrate the lack of adequate training and supervision.

50. Hether and Spillers negligently conducted an illegal search for code violations, negligently failed to petition the court for a warrant, negligently conducted a search without a warrant, negligently failed to give plaintiff a opportunity to correct violations before barring him from his home, and negligently failed to give timely notice of code violations.

51. The behavior of Rodriguez, Metcalf, and McKnight, violates the generally accepted standards of police conduct and is evidence of negligent training and supervision by the City of Mesa.

52.  The behavior of Hether and Spillers  violates the generally

accepted standards of code-compliance officials and is evidence of

negligent training and supervision by the City of Mesa.


WHEREFORE, plaintiff requests the following relief against the City

of Mesa:

*A.* Compensatory damages,

*B.* Attorney fees and costs under 42 U.S.C. section 1988,

*C.* Such further and other relief as the court deems just.


Count IV

*(Lack of Due Process under the Fifth Amendment*

*and the Arizona Constitution)*

53.  Plaintiff repeats and re-alleges paragraphs 1 through 33 and

incorporates them by reference herein.

54.  Defendants City of Mesa, Hether and Spillers violated the notice

requirements of the Mesa City Code, the Arizona Constitution, and of the

Fifth Amendment depriving plaintiff of his right to due process.

55. These defendants had no warrant, failed to give plaintiff notice of

the  code violations and the opportunity to correct them as provided by law,

and such notice as they ultimately gave was tardy, all in violation of the Mesa City Code and due process of law under the federal and the state constitutions.

WHEREFORE, plaintiff requests the following relief against the defendants City of Mesa, Hether, and Spillers:

A. Compensatory damages,

B. Costs,

C. Punitive damages, and

D. Such further and other relief as the court deems just.

Count V

(*Fifth Amendment Deprivation of Property*)

56.   Plaintiff repeats and re-alleges paragraphs 1 through 33 and incorporates them by reference herein.

57.  While pretending to act under police power, defendants City of Mesa, Hether, and Spillers acted outside the limits of that power and willfully deprived plaintiff of the use of his property without compensation.

WHEREFORE, plaintiff requests the following relief against the defendants City of Mesa, Hether, and Spillers:

A.   Compensatory damages,

*B.* Costs,

*C.* Punitive damages, and

*D.* Such further and other relief as the court deems just.

DATED 6 Septemper 2017

Bedford Douglass Jr.
**Attorney for Plaintiff**
PO Box 21798
Mesa, AZ 85277-1798
bedfordaz@gmail.com
480-218-8325

The foregoing instrument is a full, true and correct copy of
the original on file in this office.
Attest *December 18th* 20 *17*
MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____ Deputy

16

BEDFORD DOUGLASS JR.
P.O. Box 21798
Mesa, AZ 85277-1798
Phone (480) 218-8325
State Bar No. 002038
Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

17 DEC -6 PM 4: 06
FILED BY N. BUTZBACH

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

DAVID STEELE DOUGLAS, a person,

Plaintiff,

vs.

CITY OF MESA, a municipal corporation, et al.,

Defendants.

Case No.: CV2017-095864

**CERTIFICATE OF SERVICE**

**MARK WELTON, ACPS #8761,** being duly sworn, states; that he is duly qualified to serve process in this cause, having been so appointed by the court, that he received the following document(s) in this action:

CIVIL SUMMONS and COMPLAINT

from Attorney Bedford Douglass on 11/27/17, attorney(s) for the PLAINTIFFS:
that he personally served the same upon the party/parties in the manner named below:

**NAME: CLYDE SPILLERS,** a person
**DATE & TIME:** 11/28/17 3:31 P.M.
**PLACE:**        20 E. MAIN ST., STE. 150, MESA, ARIZONA 85201
**MANNER:** In person by leaving/giving ONE true copy(ies) of the above documents
with/to CLYDE SPILLERS.

Descrip.: male, white, approx. 45-50 yrs., approx. 180-200 lbs., 5'9"

DATE                    I declare under penalty of perjury that the foregoing is true.

12/6/17              _Mark Welton_    MC 8761
                          MARK WELTON, ACPS Process Server registered in MARICOPA County
                          Flat Fee Process Service, P.O. Box 15524, Phoenix, AZ 85060, Ph. (602) 435-9172

The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest: _December 18th_ 20___17___

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____ Deputy

1   BEDFORD DOUGLASS JR.
    P.O. Box 21798
2   Mesa, AZ  85277-1798
    Phone (480) 218-8325
3   State Bar No. 002038
    Attorney for Plaintiff
4

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

17  DEC -6  PM 4 06

FILED BY N. BUTZBACH

5        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6            IN AND FOR THE COUNTY OF MARICOPA

7   DAVID STEELE DOUGLAS, a person,        Case No.: CV2017-095864

8              Plaintiff,                  **CERTIFICATE OF SERVICE**

9          vs.

10  CITY OF MESA, a municipal corporation,
    et al.,
11

12             Defendants.

13  **BRYAN MUTH, ACPS #7293**, being duly sworn, states; that he is duly qualified to serve process in this
    cause, having been so appointed by the court, that he received the following document(s) in this action:

14  CIVIL SUMMONS and COMPLAINT

15  from Attorney Bedford Douglass on 11/27/17, attorney(s) for the PLAINTIFFS:
    that he personally served the same upon the party/parties in the manner named below:

16
    **NAME:**  DETECTIVE T. MCKNIGHT (Badge #16182), MESA POLICE DEPARTMENT
17  **DATE & TIME:** 11/30/17  8:18 A.M.
    **PLACE:**        120 N. ROBSON, MESA, ARIZONA 85201
18  **MANNER:**  In person by leaving/giving ONE true copy(ies) of the above documents
    with/to DETECTIVE T. MCKNIGHT (Badge #16182), MESA POLICE DEPARTMENT.
19

20  DATE              I declare under penalty of perjury that the foregoing is true.

21  12/6/17           _Bryan Muth_
                      BRYAN MUTH, ACPS Process Server registered in MARICOPA County
22                    Flat Fee Process Service, P.O. Box 15524, Phoenix, AZ 85060, Ph. (602) 435-9172

23

24

25

                         Page 1 of 1

The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest _December 18th_ 20___ _17_

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____ Deputy

1  BEDFORD DOUGLASS JR.
    P.O. Box 21798
2  Mesa, AZ  85277-1798
    Phone (480) 218-8325
3  State Bar No. 002038
    Attorney for Plaintiff
4

MICHAEL K. JEANES, CLERK
RECEIVED HE OUTSIDE
DEPOSITORY

17 DEC -6 PM 4: 06
FILED BY N. BUTZBACH

5        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

6            **IN AND FOR THE COUNTY OF MARICOPA**

7  DAVID STEELE DOUGLAS, a person,    Case No.: CV2017-095864

8          Plaintiff,      **CERTIFICATE OF SERVICE**

9       vs.

10  CITY OF MESA, a municipal corporation,
    et al.,
11

12         Defendants.

13  **BRYAN MUTH, ACPS #7293**, being duly sworn, states; that he is duly qualified to serve process in this
    cause, having been so appointed by the court, that he received the following document(s) in this action:
14
    CIVIL SUMMONS and COMPLAINT
15
    from Attorney Bedford Douglass on 11/27/17, attorney(s) for the PLAINTIFFS:
    that he personally served the same upon the party/parties in the manner named below:
16
    **NAME:**  OFFICER O. RODRIGUEZ (Badge #17310), MESA POLICE DEPARTMENT
17  **DATE & TIME:** 11/30/17  8:18 A.M.
    **PLACE:**       120 N. ROBSON, MESA, ARIZONA 85201
18  **MANNER:**  In person by leaving/giving ONE true copy(ies) of the above documents
    with/to DETECTIVE B. METCALF, who accepted service for OFFICER O. RODRIGUEZ
19  (Badge #17310), MESA POLICE DEPARTMENT, on his behalf and at his direction, due to
    the fact that OFR. O. RODRIGUEZ was unable to accept service personally due to being
20  unexpectedly pre-occupied at another work-related incident.

21
    DATE           I declare under penalty of perjury that the foregoing is true.
22
    12/6/17
23                  BRYAN MUTH, ACPS Process Server registered in MARICOPA County
             Flat Fee Process Service, P.O. Box 15524, Phoenix, AZ  85060, Ph. (602) 435-9172
24

25

                               Page 1 of 1

The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest: _December 18th_ 20 _17_

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____ Deputy

1  BEDFORD DOUGLASS JR.
   P.O. Box 21798
2  Mesa, AZ 85277-1798
   Phone (480) 218-8325
3  State Bar No. 002038
   Attorney for Plaintiff
4

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

17 DEC -6 PM 4: 06

FILED BY N. BUTZBACH

5          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

6             **IN AND FOR THE COUNTY OF MARICOPA**

7   DAVID STEELE DOUGLAS, a person,        Case No.: CV2017-095864

8              Plaintiff,                  **CERTIFICATE OF SERVICE**

9          vs.

10  CITY OF MESA, a municipal corporation,
    et al.,
11

12             Defendants.

13  **MARK WELTON, ACPS #8761**, being duly sworn, states; that he is duly qualified to serve process in
    this cause, having been so appointed by the court, that he received the following document(s) in this action:

14  CIVIL SUMMONS and COMPLAINT

15  from Attorney Bedford Douglass on 11/27/17, attorney(s) for the PLAINTIFFS:
    that he personally served the same upon the party/parties in the manner named below:

16
    **NAME:**  CITY CLERK
17          CITY OF MESA
    **DATE & TIME:** 11/28/17  3:28 P.M.
18  **PLACE:**      20 E. MAIN ST., STE. 150, MESA, ARIZONA 85201
    **MANNER:**  In person by leaving/giving ONE true copy(ies) of the above documents
19  with/to Jamie Salentine, Deputy City Clerk, authorized to accept service for CITY CLERK,
    CITY OF MESA.
20

21

22
    DATE            I declare under penalty of perjury that the foregoing is true.
23
    12/6/17         _Mark Welton_  MC 8761
24  _____
                    MARK WELTON, ACPS Process Server registered in MARICOPA County
25                  Flat Fee Process Service, P.O. Box 15524, Phoenix, AZ 85060, Ph. (602) 435-9172

Page 1 of 1

The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest _December 18th_ 20 _17_

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____ Deputy

1  | BEDFORD DOUGLASS JR.
2  | P.O. Box 21798
   | Mesa, AZ  85277-1798
3  | Phone (480) 218-8325
   | State Bar No. 002038
4  | Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

17 DEC -6 PM 4: 06

FILED BY N. BUTZBACH

5

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

6

**IN AND FOR THE COUNTY OF MARICOPA**

7

DAVID STEELE DOUGLAS, a person,

Case No.: CV2017-095864

8

Plaintiff,

**CERTIFICATE OF SERVICE**

9

vs.

10

CITY OF MESA, a municipal corporation, et al.,

11

12

Defendants.

13  **MARK WELTON, ACPS #8761**, being duly sworn, states; that he is duly qualified to serve process in this cause, having been so appointed by the court, that he received the following document(s) in this action:

14  CIVIL SUMMONS and COMPLAINT

15  from Attorney Bedford Douglass on 11/27/17, attorney(s) for the PLAINTIFFS:
    that he personally served the same upon the party/parties in the manner named below:

16  **NAME:** STEVEN HETHER, a person
17  **DATE & TIME:** 11/28/17  3:31 P.M.
    **PLACE:**        2833 E. NORTHRIDGE ST., MESA, ARIZONA 85213
18  **MANNER:** In person by leaving/giving ONE true copy(ies) of the above documents
    with/to STEVEN HETHER.

19
    Descrip.: male, white, approx. 60-70 yrs., approx. 200 lbs., approx. 6'2", greying hair
20

21  DATE                I declare under penalty of perjury that the foregoing is true.

22  12/6/17             *Mark Welton* MC8761
                        MARK WELTON, ACPS Process Server registered in MARICOPA County

23                      Flat Fee Process Service, P.O. Box 15524, Phoenix, AZ  85060, Ph. (602) 435-9172

24

25

Page 1 of 1

The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest _December 18th_ 20_17_

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____ Deputy