WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Steele Douglass, | No. CV-17-04686-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff David Steele Douglass' Declaration Regarding Deferment of Consideration of Defendants' Motion for Summary Judgment and Allowing Time to Obtain Affidavits or Declarations or to Take Discovery. (Doc. 36, "Req.") Defendants[1] oppose the request, (Doc. 39, "Opp."), and Plaintiff replied, (Doc. 41, "Repl."). Plaintiff requests oral argument, but the Court elects to resolve the request without it. LRCiv 7.2(f). Plaintiff appears to request the Court defer considering Defendants' summary judgment motion under Rule 56(d)(2).[2] Having considered the pleadings and relevant law, the Court denies Plaintiff's request as explained below.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to

---

[1] Defendants include the City of Mesa, Clyde Spillers, Steven Hether, Jose Rodriguez, Brett Metcalf, and Thomas McKnight.
[2] Plaintiff moves under Rule 56(d), but identifies no specific subsection.

obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).³ Rule 56(d) creates "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment." *Okabayashi v. Travelers Home & Marine Ins. Co.*, No. CV-17-03612-PHX-DJH, 2019 WL 1059982, at *3 (D. Ariz. Mar. 6, 2019) (citing *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)).

To prevail under Rule 56(d), the moving party must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *see California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (noting same three elements). Thus, a party requesting relief under Rule 56(d) must "make clear what information is sought and how it would preclude summary judgment." *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088-89 (9th Cir. 2001). "Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'" *Family Home & Fin. Ctr.*, 525 F.3d at 827 (quoting *Campbell*, 138 F.3d at 779).

## II. DISCUSSION

Plaintiff requests the Court defer considering Defendants' summary judgment motion so that he may "obtain affidavits or declarations or take discovery." (Req. at 1.) In support, Plaintiff declares he cannot oppose Defendants' summary judgment motion exhibits because they "set[] forth facts that are not fully disclosed in the police reports or other papers that [they] provided in discovery." (*Id.*) More specifically, Plaintiff claims

---

³ According to the Ninth Circuit in *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 n. 8 (9th Cir. 2011), cases interpreting Rule 56(f) apply to Rule 56(d). *See Slama v. City of Madera*, No. 1:08-cv-810 AWI GSA, 2012 WL 1067198, at *2 n.4 (E.D. Cal. Mar. 28, 2012) (acknowledging Rule 56(f)'s "relocation" to Rule 56(d)).

"[t]he allegations in the [summary judgment exhibit] affidavits . . . will need to be investigated through depositions or other discovery to respond adequately to the motion for summary judgment." (*Id.* at 2.) Plaintiff further claims he "[o]nly recently . . . had the opportunity to complete review of these disclosures." (*Id.* at 3.) He also claims his witness, Lance White, "has become an uncooperative witness." (*Id.* at 4.) For these main reasons, Plaintiff requests the Court defer consideration on the summary judgment motion.

In response, Defendants argue Plaintiff's request should be denied because he does not satisfy Rule 56(d)'s substantive or procedural requirements. (Opp. at 2.) They argue the substantive requirements are unsatisfied because Plaintiff fails to "identify any facts that he expects to obtain with additional discovery, and that, even if obtained, would preclude summary judgment." (*Id.*) Defendants further argue the procedural requirements are not satisfied because "[d]iscovery has closed, Plaintiff had adequate time to conduct discovery, Plaintiff failed to take any depositions or to obtain any affidavits, and Plaintiff provides no basis for modifying the existing Scheduling Order." (*Id.*) The Court finds Defendants' arguments persuasive.

Plaintiff's request falls short of meeting Rule 56(d)'s threshold requirements. *See Family Home & Fin. Ctr.*, 525 F.3d at 827. Plaintiff identifies no specific facts that he hopes to obtain through additional discovery, let alone how such facts would be essential to oppose Defendants' summary judgment motion. *Id.* Rather, he appears to simply be requesting more time to investigate discovery already provided to him. (*See* Req. at 2 ("The allegations . . . will need to be investigated.")). This is inadequate for Rule 56(d) relief. *See Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if [he] fails diligently to pursue discovery before summary judgment."). Granting Rule 56 relief under these circumstances, where Plaintiff identifies no specific information that would be obtained or how such information could be used to oppose summary judgment would cause unnecessary delay for both parties. *See Nicholas*, 266 F.3d at 1088-89. In other words, and contrary to Rule 56(d)'s requirements, Plaintiff does not "make clear what information is sought and how it would preclude summary judgment." *Cf. id.*

| | |
|---|---|
| 1 | (quoting *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998)). As a consequence, the Court |
| 2 | finds Plaintiff's requested relief unwarranted. *Family Home & Fin. Ctr.*, 525 F.3d at 827. |
| 3 | Accordingly, |
| 4 | **IT IS ORDERED DENYING** Plaintiff's Request, (Doc. 36). |
| 5 | Dated this 28th day of January, 2020. |

_____
Honorable Susan M. Brnovich
United States District Judge